IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD GONZALEZ,

    Plaintiff,

    v.                                      Case No. 03-2616-JWL

METRO TILE CONTRACTORS, INC.,

    Defendant.

_____

**MEMORANDUM AND ORDER**

Plaintiff Ronald Gonzales filed this lawsuit asserting claims against his former employer, defendant Metro Tile Contractors, Inc., based on race and age discrimination, as well as retaliation for complaints about not being paid overtime compensation. Plaintiff and defendant subsequently reached an agreement settling and compromising plaintiff's claims, and the court entered an order terminating the case. This matter is now before the court, nearly two years later, on Plaintiff's Motion to Enforce Settlement and for Sanctions (doc. #19). On April 10, 2007, the court held an evidentiary hearing on the motion. Following that hearing, the court became aware of authority which suggests that this court likely lacks subject matter jurisdiction over the current dispute. Accordingly, the court will direct plaintiff to show cause on or before **May 4, 2007**, why his motion should not be denied for lack of subject matter jurisdiction.

This court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from the parties. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Supreme Court unanimously held that a district court does not have post-dismissal ancillary jurisdiction or the inherent power to enforce a settlement agreement unless "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381; *see also 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 776 (8th Cir. 2003) (holding district court lacked jurisdiction to enforce a settlement agreement under *Kokkonen*; remanding with instructions for the district court to vacate the orders enforcing the settlement and to reinstate its original dismissal order and terminate the case); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 504-05 (3d Cir. 2002) (same).

In this case, it does not appear that the parties' settlement agreement was made a part of the order of dismissal. On February 18, 2005, the court entered an order administratively terminating the case. The order stated as follows:

> On or before **July 1, 2005**, the parties shall file a stipulation of dismissal signed by the parties above who have appeared in the action, under Rule 41(a)(1) of the Federal Rules of Civil Procedure. If no such stipulation is received within the specified time and the parties have not reopened for the purpose of obtaining a final determination, this order shall constitute, for purposes of Rule 58 of the Federal Rules of Civil Procedure, the Court's entry of final judgment of dismissal with prejudice under Rule 41(a)(2).

Order (doc. #16) (emphasis in original). The parties did not file a stipulation of dismissal and they did not seek to reopen the case by July 1, 2005. The court's February 18, 2005, order therefore constituted a final judgment of dismissal with prejudice. The court further observes that in the settlement agreement itself the parties did not seek to reserve this court's jurisdiction over enforcement of the agreement. Consequently, it appears to the court that none of the exceptions recognized by the Supreme Court in *Kokkonen* apply here.

The court has considered and ruled out the possibility that plaintiff might be able to seek relief under Rule 60(b). Because more than a year has lapsed from the time the final judgment was entered in 1995, the only potentially applicable ground for relief would be Rule 60(b)(6). A Rule 60(b)(6) motion, however, must be brought "within a reasonable time." Fed. R. Civ. P. 60(b). The court finds that the current motion was not filed within a reasonable time for Rule 60(b)(6) purposes because the alleged breaches of the settlement agreement occurred during the calendar year 1995, yet plaintiff did not file the current motion to enforce the settlement agreement until more than a year later on January 5, 2007. Additionally, the court may grant relief under Rule 60(b)(6) "only in extraordinary circumstances" such as "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Here, the events that transpired which gave rise to plaintiff's motion to enforce the settlement agreement were contemplated by the parties, as evidenced by the fact that the settlement agreement contains a liquidated damages provision that the parties agree governs their current dispute. *See, e.g.*, *id.* (reversing the district court

3

where it granted the defendants relief under Rule 60(b)(6) because it was impossible for them to perform the terms of a settlement agreement); *see also McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-04 (6th Cir. 2000) ("Nor can Rule 60(b)(6) be used to support the district court's attempt to enforce provisions of the settlement agreement not expressly incorporated in the dismissal order."); *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-41 (3d Cir. 1993) (breach of settlement does not qualify as an "extraordinary circumstance" as required to set aside a dismissal order on Rule 60(b)(6) grounds).

The Court in *Kokkonen* noted that enforcement of a settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction. 511 U.S. at 382. The only conceivable independent basis for this court's jurisdiction is diversity of citizenship. The diversity statute, however, requires that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff's motion and the evidence presented at the hearing indicates that, at most, only approximately $30,000 is in controversy. Thus, diversity jurisdiction does not exist.

In sum, it appears to the court that it lacks jurisdiction to decide whether and the extent to which the parties' settlement agreement should be enforced. Out of an abundance of caution, however, the court wishes to afford plaintiff the opportunity to be heard about whether there is some basis for this court to exercise subject matter jurisdiction which the court currently cannot envision.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Ronald Gonzalez is directed to show cause on or before **May 4, 2007**, why his motion to enforce settlement should not be dismissed for lack of subject matter jurisdiction. Defendant Metro Tile Contractors, Inc. may file a response thereto on or before **May 18, 2007**.

**IT IS SO ORDERED** this 23rd day of April, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5